ABRAM GAMMELL, plaintiff in error, *vs.* RANDOLPH M. MULFORD *et al.*, defendants in error.

The assignee of an execution has the same right to enforce it by levy and sale as had the plaintiff, and when A held, as plaintiff, an execution against a copartnership, and therefore against each partner, and there was no partnership property, and had levied it upon the property of B, one of the partners, and C, a kinsman and friend of B, bought the execution, and took a transfer of it to himself, and dismissed the levy on the property of B, and had the execution levied on the property of D, the other partner:

*Held*, that the transferee was in this only pursuing a legal right, and that equity would not, on the complaint of D, setting up that he had paid more than his share of the debts of the firm, and that B, the other partner, was solvent, restrains the levy. The property of both partners is bound by the judgment, and the creditor may proceed at his option against either, notwithstanding there may be equities in favor of the one proceeded against, so far as his partner is concerned.

Injunction. Partnership. Executions. Before Judge JAMES JOHNSON. Muscogee county. At chambers. August 1st, 1874.

Abram Gammell filed his bill against Randolph L. Mott and Randolph M. Mulford, praying that the latter might be enjoined from enforcing two executions against the individ-

ual property of complainant. The grounds upon which the injunction was sought are succinctly stated in the above headnote, and it is unnecessary to repeat them here. The chancellor refused the injunction, and complainant excepted.

PEABODY & BRANNON, for plaintiff in error.

INGRAM & CRAWFORD, for defendants.

McCAY, Judge.

The act of 1829, Prince's Digest, 464–5, providing for the transfer of unpaid judgments, authorizes the transferee to proceed to collect the same in as full and ample a manner as the plaintiff could have done. The right of a plaintiff who has a judgment against more than one person to proceed against either or both at his option, is a statutory right. His judgment is complete against either of the defendants. It is a stern, strict legal right, and the equities that may exist between the defendants, cannot, and ought not, to interfere. He has a complete judgment, as we have said, against both and each, and neither can complain that he is proceeding to enforce his strict, stern legal right. To allow such a proceeding as is here proposed would open the door to vexatious delays, largely interfering with the rights of judgment creditors, and we do not hesitate to affirm the judgment.

Judgment affirmed.